**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WINDY CITY CONSTRUCTION GROUP, LLC, WINDY CITY PUBLIC ADJUSTERS, LLC, and GINO FERRARI,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CORE DISTRIBUTION, INC.,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 1:26-cv-08584** |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446, Defendant, Core Distribution, Inc. ("Core" or "Defendant") hereby gives notice of removal of this action, *WINDY CITY CONSTRUCTION GROUP, LLC, WINDY CITY PUBLIC ADJUSTERS, LLC, and GINO FERRARI v. CORE DISTRIBUTION, INC.*, Case No. 2026CH04557 (the "State Court Action"), from the Circuit Court of Cook County, Illinois (County Department, Chancery Division), to the United States District Court for the Northern District of Illinois. In support of this notice, Defendant states:

## BACKGROUND

1. Plaintiffs, two limited liability entities and an individual, commenced this action by filing a putative Class Action Complaint in the Circuit Court of Cook County, Illinois, on or about

May 12, 2026, under Case No. 2026CH04557. Class Action Complaint ("Compl."), attached hereto as **Exhibit A.**

2. The Class Action Complaint contains allegations against Core "on behalf of themselves and a Class of similarly situated individuals" (**Exhibit A,** Compl. ¶¶ 1, 54-55, and "Prayer for Relief"), as well as each of the three plaintiffs in their individual capacity. (*Id.* at ¶¶ 61, 79, 92). Specifically, the class allegations seek redress for compensatory damages, "ill-gotten gains", as well as attorney's fees and costs, related to their purchases of an alleged product, telescoping "ladders" (*See Id.* at p. 21 (Prayer for Relief)). Plaintiffs allege that there were "misrepresentations regarding the qualities and certifications" of ladders (hereinafter, the "Product") sold by Core, which led to Plaintiffs and other class members overpaying for such ladders. (*Id.* at ¶ 2). Only the individual Plaintiff, Mr. Ferrari, is alleged to have purchased any specific ladder – he twice bought the same model of ladder, "an Xtend & Climb Pro Series 785P+ Telescoping Ladder". His first purchase was in February 2021, and, his second purchase was in March 2021. (*Id.* at ¶ 41).

3. The Class Action Complaint includes three counts against Core: "Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act" (Count I); "Violation of Consumer Fraud and Deceptive Trade Practices Acts of the Various States and District of Columbia" (Count II); and "Unjust Enrichment" (Count III). Plaintiffs seek certification of Count I as an Illinois Subclass, and Counts II and III as National classes under the laws of 50 states and the District of Columbia.

4. Plaintiffs did not initially serve Defendant with a copy of the Class Action Complaint. Defendant agreed to accept service on June 22, 2026.

5. This Notice of Removal is timely under 28 U.S.C. §1446(b), as it is filed within

thirty days after service on Defendant of the pleading setting forth the claim for relief upon which such action or proceeding is based.

6. The Circuit Court of Cook County, Illinois, County Department, Chancery Division, is located within the Eastern Division of the Northern District of Illinois.

7. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon the removing Defendant, which papers include the Class Action Complaint, are attached as **Exhibit A**. A copy of the state court Docket Sheet as of July 17, 2026 is attached hereto as **Exhibit B.**

## VENUE AND JURISDICTION

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 93, 1391, 1441(a), and 1446(a) because the Circuit Court of Cook County, Illinois, where the Complaint was filed, is a state court within the Eastern Division of the Northern District of Illinois.

9. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ("CAFA"), because this is a civil class action in which (1) the amount in controversy exceeds $5,000,000, (2) the proposed class and classes exceeds 100 members, and (3) at least one member of the proposed class of plaintiffs is a citizen of a state different than the Defendant.

10. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity between the Plaintiffs and the Defendant; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS OF REMOVAL

### I. This Court Has Original Jurisdiction Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

11. Federal district courts have original jurisdiction over putative class actions with 100 or more putative class members, in which the aggregate amount in controversy exceeds $5,000,000, and any member of the putative class is a citizen of a state different from any defendant. Complete diversity among parties is not required. 28 U.S.C. § 1332(d)(2)(A). CAFA was intended to "expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed." S. Rep. 109-14, at 43 (2005), 2005 U.S.C.C.A.N. 3, 41; *J.B. ex rel. Benjamin v. Abbott Laboratories, Inc*., 2012 WL 1655980, at *2 (N.D. Ill. May 9, 2012).

12. ***Covered Class Action:*** This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute ... authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); 735 ILCS 5/2-801. Specifically, this action was purportedly brought as a class action under Illinois statute, 735 ILCS 5/2-801, which authorizes an action to be brought by a representative person as a class action when certain requirements are met. (**Exhibit A,** Compl. ¶¶ 54-55). Defendant denies, however, that this case should be certified as a class action, and expressly reserves its right to oppose any motion for class certification filed in this action.

13. ***Class Action Consisting of 100 or More Members:*** Plaintiffs allege that there are "thousands" of potential class members, satisfying CAFA's requirement that the putative class consist of at least 100 members. (**Exhibit A,** Compl. ¶ 56); 28 U.S.C. § 1332(d)(5)(B).

14. ***Citizenship of Parties:*** The requisite minimal diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2). Plaintiffs are citizen of Illinois. (**Exhibit A,** Compl. ¶¶ 4-6). By contrast, Defendant is not a citizen of Illinois. (*Id.* at ¶ 7). Defendant is a Minnesota citizen. (*Id.*)

15. ***Amount in Controversy:*** There is more than $5,000,000.00 in controversy in this action. Under 28 U.S.C. § 1332(d), the amount in controversy in a putative class action is determined by aggregating the amount at issue of the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6). While Defendant denies that Plaintiffs or any putative class member are entitled to recover in any amount, and specifically denies that Plaintiffs or any putative class member are entitled to the relief in the various forms and amounts sought, the Class Action Complaint's allegation of a putative class and the relief sought place an aggregate amount in controversy of more than $5,000,000.00 as demonstrated below.

**A. Diversity of Citizenship is Present.**

16. Diversity of citizenship exists in class actions where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 677 (7th Cir. 2006). This threshold is met in this action, and is supported in the allegations of Plaintiff's Class Action Complaint. (*See* **Exhibit A**, ¶¶ 4-7).

17. On the face of the Class Action Complaint, Plaintiffs asserts that they are citizens and/or residents of the State of Illinois. **(Exhibit A**, ¶¶ 4-6).

18. Corporations are deemed citizens of the state in which they are incorporated and the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1); *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) ("[W]hat matters for the citizenship of a corporation is its state of incorporation and its principal place of business.").

19. Defendant is a corporation organized under the laws of Minnesota with its principal place of business in Minnesota. Defendant is therefore a citizen of Minnesota for purposes of diversity jurisdiction.

20. Because Plaintiffs, purported member of the classes of plaintiffs, are citizens of Illinois, and Defendant a citizen of Minnesota, minimum diversity of citizenship exists.

**B. The Amount in Controversy Threshold is Met.**

21. CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). "When removing a suit, the defendant as proponent of federal jurisdiction, is entitled to present its own estimate of the stakes." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

22. Where, as here, the Class Action Complaint does not articulate concrete damages or otherwise state that the class will seek an amount below the jurisdictional minimum, CAFA's amount in controversy requirement is satisfied by showing a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence").

23. "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is *legally impossible* for the plaintiff [class] to recover that much." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (emphasis added). This standard focuses on the possible recovery if Plaintiff and the class won all of their claims; whether they are likely to recover anything based on the merits of the case is irrelevant to the amount in controversy analysis. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986

(7th Cir. 2008) (quoting *Brill*, 427 F.3d at 449). Among other things, Plaintiffs seek (on behalf of themselves and others) actual damages for their purchase of ladders and disgorgement of money Defendant received for each unit of the Product sold. (**Exhibit A,** Compl. at Prayer for Relief, ¶¶ D and E; ¶¶ 76, 89, and 108). Plaintiffs also seek: the costs to "defendant against" a related personal injury case filed in Cook County's Law Division. (*Id.* at ¶¶ 76 and 89). Plaintiffs also seek: attorney's fees and costs. (Prayer for Relief, ¶ F).

24. Defendant denies all of Plaintiffs' allegations and specifically denies that Plaintiffs or putative class members are entitled to any relief. Plaintiffs plead that "thousands" of ladders were sold, and they point to an Amazon webpage that lists a model of ladder retailing for over $400 per unit. *See* **Exhibit A** at fn. 3 (https://www.amazon.com/Xtend-Climb-785P-Telescoping-Ladder/dp/B009T08CNO (last visited on July 20, 2026). Without prejudice to its defenses in this action or any other action and for purposes of demonstrating by a preponderance of evidence that the amount in controversy exceeds the $5,000,000 threshold amount for removal jurisdiction under CAFA, *see* 28 U.S.C. § 1332(d)(2), Defendant declares that:

a. More than 12,500 units of the Product have been sold in the United States. The suggested retail value of the Product is approximately $400.00 USD. Therefore, the Product has generated over $5,000,000.00 in sales. *See* Declaration of Mitchell Kieffer, attached hereto as **Exhibit C.** *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) ("We have suggested several ways in which [a proponent of federal jurisdiction may establish what the plaintiff stands to recover] - by calculation from the complaint's allegations ... or by introducing evidence, in the form of affidavits from the defendant's employees ..."); *Stull v. YTB Intern.*, Inc., 2010 WL 4008153, at *4 (S.D. Ill. Oct. 13, 2010) (jurisdictional amount may

be established by affidavit of company representative, estimating size of class multiplied by estimated damages).

25. Moreover, as discussed above, Plaintiffs also seek compensatory damages, disgorgement of profits, costs to defend the underlying personal injury action pending against Plaintiffs in Cook County by an individual who claims to have been injured while using a ladder sold by Core, and attorneys' fees and costs, all of which may be considered in establishing the amount in controversy for removal jurisdiction under CAFA. Given the breadth of the putative class that Plaintiffs put at issue ("thousands" of individuals across every state), each of the requests for relief described in this paragraph collectively meet CAFA's amount-in-controversy requirement. *See, e.g., Smith v. Am. Gen'l Life & Accident Ins. Co.*, 337 F.3d 888, 896–97 (7th Cir.2003) (attorneys' fees up to the time of removal also count toward the jurisdictional amount); *Stull*, 2010 WL 4008153, at *4 (attorneys' fees incurred before a case is removed can be counted toward the amount in controversy under CAFA).

26. The preponderance of the evidence demonstrates that the amount in controversy exceeds the jurisdictional threshold of $5,000,000. 28 U.S.C. § 1332(d)(2). Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d), as amended by CAFA, and this case is properly removable pursuant to 28 U.S.C §1441.

## II. This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332(a) – Diversity of Citizenship.

27. Removal is proper under 28 U.S.C. § 1332(a), which provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states.

28. In putative class actions such as this case, original jurisdiction under 28 U.S.C. § 1332(a) exists where (i) complete diversity of citizenship exists between each named plaintiff and

each defendant and (ii) the amount in controversy of a named plaintiff exceeds the value of $75,000, exclusive of interest and costs. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566-67 (2005) (holding that where at least one named plaintiff satisfies the amount in controversy requirement and the other elements of diversity jurisdiction are satisfied, 28 U.S.C. § 1367 permits exercise of jurisdiction over other plaintiffs who do not satisfy the amount-in-controversy requirement); *see also Payton v. County of Kane*, 308 F.3d 673, 681 (7th Cir. 2002) ("the citizenship requirement for purposes of diversity jurisdiction in a class action hinges entirely on the citizenship of the named plaintiffs").

**A. Complete Diversity of Citizenship is Present.**

29. As demonstrated Section I, above, there is complete diversity of citizenship here because Plaintiffs are Illinois citizens and the sole Defendant, Core, is a citizen of Minnesota.

30. Plaintiffs, including the individual, Mr. Ferrari, are Illinois citizens for purposes of determining diversity jurisdiction. *See Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) (internal citations omitted) ("[T]here is no statutory definition of an individual's state of citizenship. But the courts have held that it is the state of the individual's domicile—the state he considers his permanent home.").

31. On information and belief, neither of the limited liability entity Plaintiffs (Windy City Construction Group, LLC and Windy City Public Adjusters, LLC) have member owners that are citizens of Minnesota. For diversity purposes, Defendant, a corporation, is a citizen Minnesota. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

32. Because Plaintiffs are citizens of Illinois and the sole Defendant, Core, is a citizen of a state other than Illinois, complete diversity of citizenship exists between Plaintiffs and Defendant. *See* 28 U.S.C. §§ 1332(a).

**B. The Amount in Controversy Exceeds $75,000.**

33. Plaintiffs' claims also satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

34. Plaintiffs asserts three counts against Defendant – and all three include requests for individual relief. These claims include violations of Illinois and other state consumer fraud and deceptive trade practice act violations, and unjust enrichment/restitution. (*Id.*). These claims chiefly cover the monies Plaintiffs spent to "defend" against a personal injury lawsuit filed in Cook County. (*See* **Exhibit A,** Compl. at ¶¶ 76 and 89; *see also id*. at ¶¶ 10-15 (allegations of the underlying "Coronel's Complaint"). Core is also a defendant in the Coronel matter.

35. Based on Defendant's investigation of Plaintiffs' allegations and Defendant's own involvement as a defendant in the Coronel matter, a lawsuit alleging personal injuries stemming from, *inter alia*, use of a ladder, it is apparent that the amount in controversy exceeds $75,000. At least one of the Plaintiff's costs to defend the Coronel matter more likely than not exceeds $75,000. *See* **Exhibit C** at ¶ 8.

36. Accordingly, this action is within this Court's jurisdiction under 28 U.S.C. § 1332(a), and may be removed pursuant to 28 U.S.C. § 1441 (a) and (b).

**C. All Other Removal Requirements Are Satisfied.**

37. The Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

38. Defendant received the complaint through acceptance of service on June 22, 2026.

39. Defendant is providing Plaintiffs with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

40. Pursuant to 28 U.S.C. § 1446(d), Defendant is promptly filing a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

41. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the State Court Action—as available from the state court docket or otherwise made available to the Defendant at the time of filing this Notice—are attached hereto as Exhibits A-B, D.

42. Prompt written notice of this Notice of Removal is being sent to all parties of record through counsel as well as to the Clerk of the Circuit Court of St. Clair County, Illinois, as required by 28 U.S.C. §1446(d). *See* Notice of Filing Notice of Removal attached as **Exhibit E.**

43. By filing this Notice of Removal, Defendant, Core, does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, Defendant requests the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Defendant, Core Distribution, Inc., gives notice that the matter bearing Case No. 2026CH04557 pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, is removed to the United States District Court for the Northern District of Illinois, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated this 20th day of July, 2026

Respectfully submitted,

By: */s/ Benjamin D. Lothson*
**One of the attorneys for Defendant, Core Distribution, Inc.**

Andrew A. Lothson
alothson@smbtrials.com
Benjamin D. Lothson
blothson@smbtrials.com
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash Ave., Suite 3300
Chicago, Illinois 60611
Tel. (312) 321-9100

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record. An electronic copy of the foregoing pleading was also sent via email to the following:

Thomas A. Zimmerman, Jr.
Matthew C. De Re
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, IL 60602
Firm@attorneyzim.com
tom@attorneyzim.com
matt@attorneyzim.com

*/s/Benjamin D. Lothson*